UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| GERALD CONLEY, ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | |
| v. ) | No. 1:19-cv-03164-JMS-MPB |
| ) | |
| WINDOWS, LLC OF INDIANA A/K/A RENEWAL BY ) | |
| ANDERSEN, DAVIDSON GROUP, AND RENEWAL BY ) | |
| ANDERSEN LLC, ) | |
| ) | |
| *Defendant*. ) | |

**ORDER**

Plaintiff Gerald Conley, who is African American, worked for Defendant Windows, LLC of Indiana (also known as Renewal by Andersen, Davidson Group, and Renewal by Andersen LLC) ("Davidson Group"), from 2017 to 2018. After Mr. Conley was terminated, he initiated this litigation asserting claims of race discrimination and retaliation under Title VII of the Civil Rights Act of 1964 ("Title VII") and race discrimination under 42 U.S.C. § 1981. On April 13, 2021, the Court granted in part a Motion for Summary Judgment filed by Davidson Group, leaving only Mr. Conley's Title VII and § 1981 race discrimination claims based on discipline that he received for attendance issues during his employment. [Filing No. 66.] This Order addresses those remaining claims.

**I.**
**BACKGROUND**

The Court incorporates by reference the Statement of Facts set forth in its April 13, 2021 Order on Davidson Group's Motion for Summary Judgment, [Filing No. 66 at 3-19] – particularly those facts relating to Mr. Conley's discipline for attendance issues, [Filing No. 66 at 16-17]. The

1

Court also sets forth language in Davidson Group's Employee Handbook, which the parties did not discuss in their initial briefing on the Motion for Summary Judgment. Specifically, Mr. Conley now relies upon the following language in the Employee Handbook: "An employee who has been counseled for sub-standard performance and/or is on a Performance Improvement Plan is not eligible for transfer." [Filing No. 50-2 at 26.]

In its April 13, 2021 Order, the Court noted that Mr. Conley's race discrimination claims related to his discipline for attendance issues appear to be fatally flawed because "the Court's research reveals that simply receiving written discipline does not constitute an adverse employment action – a necessary element of a race discrimination claim." [Filing No. 66 at 34.] The Court stated:

> Mr. Conley does not contend that his discipline for attendance issues somehow led to his termination, and the evidence indicates that he was terminated because Davidson Group filled his position – as it warned Mr. Conley it might while he was on leave. Indeed, he does not identify any consequences of his written discipline for attendance issues.
>
> As a general matter, the Court is not in the business of crafting and developing new arguments for parties…. However, in a case like this, where a favorable, dispositive, and seemingly clear issue of law is left entirely untouched by a party, the Court is inclined to intervene. Federal Rule of Civil Procedure 56(f)(2) allows the Court to grant a summary judgment motion on grounds not raised by the movant, provided that the party against whom summary judgment will be entered is afforded notice and a reasonable time to respond. Accordingly, pursuant to Fed. R. Civ. P. 56(f)(2), the Court gives the parties notice of its intent to grant Davidson Group's Motion for Summary Judgment as to Mr. Conley's race discrimination claims related to discipline for attendance issues because Mr. Conley did not suffer an adverse employment action related to that discipline.

[Filing No. 66 at 34-35.]

The Court gave Mr. Conley until April 30, 2021 to show cause why Davidson Group's Motion for Summary Judgment should not be granted as to those claims, [Filing No. 66 at 35], Mr. Conley timely filed his Show Cause Brief in Opposition to Defendant's Motion for Summary

2

Judgment, [Filing No. 67], and Davidson Group filed a Response to Plaintiff's Show Cause Brief, [Filing No. 69]. The Court now discusses Mr. Conley's remaining claims in light of the parties' filings.

## II.
### DISCUSSION

In his Show Cause Brief, Mr. Conley argues that the discipline he received for attendance issues was an adverse employment action because it "made him ineligible for transfer, which includes promotion, and therefore materially altered the terms and conditions of his employment." [Filing No. 67 at 2.] Mr. Conley discusses several cases that he contends support the notion that receiving discipline can constitute an adverse employment action when it results in immediate and tangible consequences for the employee. [Filing No. 67 at 3-6.] He points to Davidson Group's Employee Handbook, which states that "[a]n employee who has been considered for sub-standard performance and/or is on a Performance Improvement Plan is not eligible for transfer." [Filing No. 67 at 6 (emphasis omitted) (citing Filing No. 50-2 at 26).] Mr. Conley notes that he was placed on a Corrective Action Plan and that "it is reasonable to infer that the Corrective Action Plan is tantamount to a Performance Improvement Plan," which would make him ineligible for transfer. [Filing No. 67 at 7.] He argues that "ineligibility for transfer is one of the non-economic consequences that the Seventh Circuit has identified that may demonstrate that written discipline is an adverse employment action." [Filing No. 67 at 7.] Mr. Conley asserts that "it is also reasonable to infer at this stage that [his] improper attendance discipline caused him to lose the right to be promoted because promotion necessarily involves transfer from one job to another." [Filing No. 67 at 8.] He argues that he did not previously identify the consequences associated with his attendance discipline because he was not on notice that there was a dispute over whether the discipline was an adverse employment action, and also contends that he has shown that there

is at least a genuine issue of material fact regarding whether he suffered an adverse employment action in connection with his discipline for attendance issues. [Filing No. 67 at 8-11.]

In its Response, Davidson Group argues that Mr. Conley never sought a transfer or promotion so he suffered no adverse consequences as a result of his discipline for attendance issues. [Filing No. 69 at 2.] It asserts that "written warnings that preclude promotion may constitute adverse employment actions only in cases where failure to promote or transfer is at issue in the litigation," and attempts to distinguish the cases relied upon by Mr. Conley. [Filing No. 69 at 2-5 (emphasis omitted).] Davidson Group argues further that the warning issued to Mr. Conley was related to attendance, not to job performance, and that it is not reasonable to infer that the attendance warning was actually a Performance Improvement Plan within the meaning of the Employee Handbook provision precluding promotion or transfer. [Filing No. 69 at 5-6.] It notes that Mr. Conley's "speculative leaps [and] unreasonable inferences are insufficient to create genuine issues of material fact for trial." [Filing No. 69 at 6.]

In order to set forth a prima facie case of race discrimination, Mr. Conley must show that he suffered an adverse employment action. *Marshall v. Indiana Dep't of Corr.*, 973 F.3d 789, 791-92 (7th Cir. 2020). An adverse employment action is an action involving "a significant change in employment status," *Boss v. Castro*, 816 F.3d 910, 917 (7th Cir. 2016) (quotation and citation omitted), and must be "more disruptive than a mere inconvenience or an alteration of job responsibilities," *Nichols v. S. Ill. Univ.-Edwardsville*, 510 F.3d 772, 779 (7th Cir. 2007) (quotation and citation omitted). "[U]nfair reprimands or negative performance evaluations, unaccompanied by some tangible job consequence, do not constitute adverse employment actions." *Grube v. Lau Indus., Inc.*, 257 F.3d 723, 729 (7th Cir. 2001).

There are two problems with Mr. Conley's argument that the discipline he received for attendance was an adverse employment action. First, the discipline Mr. Conley received for attendance issues was given pursuant to Davidson Group's Attendance Policy, and included a Verbal Warning, a Written Warning, and a Final Written Warning. [Filing No. 50-1 at 28; Filing No. 50-3 at 4-5; Filing No. 50-3 at 29-30.] There is no evidence indicating that the warnings issued pursuant to the Attendance Policy were for "sub-standard performance" or constituted a "Performance Improvement Plan" within the meaning of the Employee Handbook and, consequently, made Mr. Conley ineligible for transfer. [*See* Filing No. 50-2 at 26.]

Second, even assuming that the attendance discipline made Mr. Conley ineligible for transfer pursuant to the Employee Handbook provision, the record is completely devoid of any evidence that Mr. Conley intended to seek a transfer. The cases Mr. Conley relies upon in which courts found that discipline constituted an adverse action all involved situations where the plaintiff had sought a transfer or promotion, and the discipline was the reason why they did not receive the transfer or promotion. *See Baynham v. Meridian Servs. Corp.*, 2012 WL 3614458 (S.D. Ind. 2012) (plaintiff's discrimination claims related to defendant's failure to transfer and promote her and, ultimately, its decision to terminate her); *Morrison v. Greeson*, 2007 WL 2237624 (S.D. Ind. 2007) (plaintiff brought gender discrimination claim based on failure to promote, and court found that a genuine issue of material fact existed as to whether discipline she received had caused her to not receive the promotion); *Nowak v. Int'l Truck & Engine Corp.*, 406 F. Supp. 2d 954, 958 (N.D. Ill. 2005) (court found negative performance evaluations were adverse employment action for purposes of retaliation claim where plaintiff had sought several promotions, failed to receive them

5

due to the negative evaluations, and the failure to receive them was "the subject of [the] lawsuit").[1] Up until now, Mr. Conley has not even hinted that he is claiming he was discriminated against based on a failure to transfer him to another position. Indeed, he does not mention in his Statement of Claims that he intended to seek a transfer, and did not do so because he believed he was ineligible due to the attendance discipline. [*See* Filing No. 46.] The Court may rely on Mr. Conley's Statement of Claims in determining the scope of the claims he asserts in this case. *See Jackson v. Regions Bank*, 838 F. App'x 195, 198 (7th Cir. 2021) ("District courts often exercise [their inherent authority to manage affairs] by ordering parties to submit a specific list of claims and theories (superseding all prior assertions) to clarify the issues as trial approaches," and may find that a plaintiff has abandoned a claim not included in the Statement of Claims). Prior to the Court's Rule 56(f)(2) order, Mr. Conley had never asserted that he intended to seek a transfer, but believed he was precluded from doing so because of the attendance discipline. Accordingly, the attendance discipline – even if it made him ineligible for a transfer or promotion – did not have a "tangible job consequence" for Mr. Conley and so was not an adverse employment action. *Grube*, 257 at 729. Mr. Conley's race discrimination claims based on the attendance discipline he received fail as a matter of law.

---

[1] The other cases Mr. Conley relies upon do not support his argument. *See Whittaker v. N. Ill. Univ.*, 424 F.3d 640, 648 (7th Cir. 2005) (holding that plaintiff had not shown that she had suffered adverse employment action, and noting in dicta that the court might find an adverse employment action had taken place where "a written warning also led to ineligibility for job benefits like promotion, transfer to a favorable location, or an advantageous increase in responsibilities"); *Riley-Jackson v. Casino Queen, Inc.*, 776 F. Supp. 2d 815, 825 (S.D. Ill. 2011) (holding that "any of [plaintiff's] previous write-ups that were not accompanied by some tangible job consequence – such as a suspension without pay – would not be actionable").

Because Mr. Conley has not shown that his discipline for attendance issues was an adverse employment action, the Court, pursuant to Fed. R. Civ. P. 56(f)(2), **GRANTS** summary judgment in Davidson Group's favor on Mr. Conley's race discrimination claims relating to that discipline.

### III.
### CONCLUSION

For the foregoing reasons, the Court finds that Mr. Conley has failed to show cause why the Court should not enter summary judgment for Davidson Group on Mr. Conley's remaining Title VII and § 1981 race discrimination claims based on discipline for attendance issues. Consequently, the Court **ENTERS** summary judgment in favor of Davidson Group on those claims. Based on this Order and on the Court's April 13, 2021 Order, [Filing No. 66], final judgment shall enter accordingly.

Date: 5/10/2021

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record**